IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REBECCA AKIN,

        Plaintiff,

vs.                              CIVIL NO.  99-951 LFG/DJS

WAL-MART STORES, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR JUDGMENT
## NOTWITHSTANDING THE VERDICT, A NEW TRIAL AND REMITTITUR

THIS MATTER is before the Court on Defendant's Motion for Judgment Notwithstanding the Verdict, a New Trial and Remittitur [Doc. 79].  The Court considered the motion, response and reply.  Oral argument is not necessary.  Defendant acknowledges that Plaintiff and Defendant presented "distinctly different versions of the event which led to Plaintiff's alleged injuries."  (Wal-Mart's Memorandum, p. 1).

In support of its motion, Wal-Mart focuses only on the testimony that supports Wal-Mart's position on liability and damages and ignores, entirely, the evidence that supports Plaintiff's position. For example, there is evidence, although disputed, that a 22-pound, boxed Belgian waffle iron fell from Wal-Mart's top shelf, or riser, violently striking Plaintiff on her face.  Plaintiff and her husband testified that the blow was severe enough to stun the Plaintiff, cause bleeding and even to cause Plaintiff to believe she had fractured her jaw.

There is testimony, again disputed, that Wal-Mart's policy was to not stack heavy items on top shelves or risers or, alternatively, if items in excess of twenty pounds were to be stacked on risers,

they were to be secured. The jury was free to believe that the waffle iron that fell on Plaintiff was a "heavy item" and was improperly stacked or stacked on the riser in violation of Wal-Mart's internal policies.

By the jury's apportionment of liability, it is apparent that the jury credited Wal-Mart's testimony that the Plaintiff's husband was partially to blame for the accident. There is no inconsistency in finding both Plaintiff's husband and Wal-Mart liable; in that the jury may well have determined that Wal-Mart improperly stacked the box in violation of its policy, or negligently allowed the condition of its store and merchandise to cause an unreasonable risk of harm to Plaintiff. Thus, even if Plaintiff's husband was primarily responsible for the box falling, the jury may well have surmised that the box would not have fallen, or would not have caused the kind of injury it caused, had it not been improperly stacked. Thus, there was ample evidence for the jury to find negligence.

Plaintiff presented evidence that her life significantly changed as a result of this accident. There is some medical evidence that supports her damage claims; for example, a compressed or fractured disk at C4-C5, protrusions at T3, T4 and severe degenerative changes. Plaintiff testified that the blow was so severe that for a period of months following the accident, she was forced to do nothing but lie on her couch due to the agony and pain. During this period of time, she was unable to cook, clean, supervise her children, run her household, recreate, or engage in intimate marital relations with her husband. She testified as to the depression experienced following this accident and a downward spiral that her life had taken as a result of the injury. Plaintiff claimed that the accident was a life-altering event that has affected her ability to earn a living and her enjoyment of life. Plaintiff claims to have suffered severe and pervasive emotional harm and depression as a result.

Wal-Mart's excessive verdict argument is based on a premise that the award should be a "multiplier" of the special damages.  (*See* Reply, p.3).  The jury was properly instructed, without objection, on how to calculate damages.  No damage instruction suggests that the award be calculated by multiplying medical bills by a certain factor.  While that approach may offer some claimed justification for an insurance adjuster, it simply  has no basis in law.  The Plaintiff's testimony concerning the pain she suffered, together with the medical evidence concerning physical injury, supports the verdict.  A jury, free to accept or reject her evidence, chose to credit Plaintiff's testimony concerning the nature, extent and duration of the injuries.

Wal-Mart argues without reference to any portion of the record or without indicating that it objected to improper evidence, that the jury's verdict was a result of inflammatory argument by Plaintiff's counsel.  Wal-Mart did not object during closing arguments to any comments made by Plaintiff's counsel or any allegedly improper argument being advanced. "[C]ounsel for the defense cannot as a rule remain silent, interpose no objections [to closing argument] and after a verdict has been returned seize for the first time on the point that the comments to the jury were improper and prejudicial."  United States v. Socony-Vacuum Oil. Co., 310 U.S. 150, 238-39, 60 S. Ct. 811, 851 (1940); *cited in* Glenn V. Cessna Aircraft Co., 32 F.3d 462, 1465 (10th Cir. 1994)("A party who waits until the jury returns an unfavorable verdict to complaint about improper comments during . . . closing arguments is bound by that risky decision and should not be granted relief").

Fed. R. Civ. P. 50 allows the Court to set aside a verdict if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Here, Wal-Mart properly sought a motion for a directed verdict at the close of Plaintiff's case, renewed its motion at the close of all evidence, and now timely renews its motion for judgment as a matter of law.  The prior motions

3

were denied, as there is evidence in the record to support Plaintiff's claim and to justify the verdict.

It is the sole province of the jury to decide the facts of the case from the disputed evidence submitted.  The jury is free to credit or discredit the testimony of any witness, and to decide what evidence it believes is more credible after consideration of all of the evidence in the case.  Here, there is sufficient, legally admissible evidence that supports the jury's determination.  Thus, the Court finds no merit in Wal-Mart's motion for judgment notwithstanding the verdict or for a new trial.  <u>Black v. Hieb's Enterprises, Inc.</u>, 805 F.2d 360, 361-63 (10th Cir. 1986).

Alternatively, Wal-Mart asks the Court for a remittitur, contending that the jury's verdict must have been a product of prejudice or passion given the amount of the award.  The Court rejects this argument.  There is evidence which the jury apparently found credible that Plaintiff's life was significantly and adversely affected as a result of Wal-Mart's negligence.  Plaintiff presented evidence concerning considerable mental, emotional and physical injury and it is the sole province of the jury to compensate the Plaintiff for injuries proximately caused by Wal-Mart.  Here, the Court does not find that the verdict awarded was so outrageous and unreasonable as to require a remittitur. Accordingly, the Court denies Wal-Mart's alternative request for remittitur.

_____
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
James W. Klipstine, Jr., Esq.

ATTORNEYS FOR DEFENDANT:
Lawrence H. Hill, Esq.
W. R. Logan, Esq.
Judith M. Oliva, Esq.